**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

DEREK N. JARVIS,

     Plaintiff,

     v.

BURNT MILLS CROSSING, LLC,
ROBERT C. WITHROW,
     and
U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

     Defendants.

Civil Action No. TDC-14-3477

**MEMORANDUM OPINION**

This case is before the Court on Defendants Burnt Mills Crossing, LLC and Robert C. Withrow's Motion to Dismiss, ECF No. 9, Defendant United States Department of Housing and Urban Development's Motion to Dismiss, ECF No. 18, and Plaintiff Derek N. Jarvis's Motion for Leave to File a Sur-Reply, ECF No. 22. Having reviewed the filings, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Motions to Dismiss are GRANTED, and the Motion for Leave to File a Sur-Reply is DENIED.

**BACKGROUND**

In 2012, Plaintiff Derek N. Jarvis ("Jarvis"),[1] who proceeds in this action *pro se* and who has filed numerous actions in this Court, was a tenant at Burnt Mills Crossing ("Burnt Mills"), an

---

[1] In the Complaint, Jarvis asserts that he brings this suit on behalf of himself and his mother, Shirley J. Pittman. Pittman did not sign the Complaint, nor did Jarvis include her in the caption. Furthermore, because Jarvis is not a licensed attorney, he cannot represent his mother. *See Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his *own* claims in federal court . . . , however, [that right]

apartment complex located in Silver Spring, Maryland, which is managed by Robert Withrow ("Withrow"). Beginning in February 2012, Jarvis began to file complaints with Burnt Mills about his fellow tenants, specifically "African and Hispanic immigrants who were violating the lease by having parties at all hours of the night." Compl. at 9, ECF No. 1. Jarvis asserts that, as a result of his complaints, Withrow "became hostile" towards him. *Id.* Jarvis further asserts that on November 12, 2012, the tenants about whom he had complained had his car towed from the parking lot, allegedly in retaliation for those complaints. In response, Jarvis submitted another complaint about those tenants to Burnt Mills, this one addressing the towing of his car.

According to Jarvis, "after learning his immigrant tenants towed the vehicle illegally," Withrow had Jarvis's car towed back to the apartment parking lot. *Id.* On November 14, 2012, Burnt Mills sent Jarvis a letter informing him that his lease would expire on January 30, 2013 and giving him notice that he was expected to vacate his apartment by that date. [Compl. Ex. 1 at 4.]. Jarvis alleges that Burnt Mills and Withrow declined to renew his lease "in retaliation for submitting [a] Complaint about [the] immigrant tenants." *Id.* at 3. Jarvis, who identifies himself as a "Black Native American," *id.* at 6, also contends that Burnt Mills and Withrow discriminated against him on the basis of race.

On August 9, 2013, Jarvis filed a complaint with the United States Department of Housing and Urban Development ("HUD") in which he asserted that Burnt Mills and Withrow had retaliated against him in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI") (2012). Title VI prohibits discrimination on the basis of "race, color, or national origin ... under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Jarvis claims that HUD initially told him that Burnt Mills received federal

does not create a coordinate right to litigate for *others*.") (emphasis in original)). Pittman is therefore not a party to this action.

funds, which would make the complex subject to Title VI.  As evidence of this assertion, he appends an extract from a document that he purports is HUD's "intake determination" in his case.  Compl. at 11.  That document is the signature page of Jarvis's completed HUD complaint form, signed by Jarvis and his mother.  Compl., Ex. 1 at 1, ECF No. 1-1.  The mention of federal funds is in the answer to Question 9 of the form: "Types of Federal Funds identified," which is answered with "HUD Assisted Housing (202, 811, 221D4, Project Based Section 8)."  *Id.*  In a January 3, 2014 letter, however, HUD informed Jarvis that it had determined that Burnt Mills "does not receive Federal financial assistance as defined by Title VI," and concluded that HUD therefore did "not have jurisdiction to investigate the subject complaint."  Compl., Ex. 1 at 2.

On November 5, 2014, Jarvis filed this suit, alleging violations of a host of statutes, including Title VI, the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* (2012), and 42 U.S.C. § 1983 ("section 1983") (2012).  His core claim against HUD appears to be that HUD engaged in fraud when it reversed its supposed initial determination that Burnt Mills did not receive federal funds, and then, based on that fraud, that HUD improperly refused to investigate Jarvis's discrimination claim.  As to Burnt Mills and Withrow, Jarvis's core claim seems to be that those Defendants retaliated against him for his complaints about his neighbors by evicting him, in violation of Title VI and the FHA.  On January 7, 2015, Burnt Mills and Withrow filed a Motion to Dismiss, to which Jarvis did not respond.  ECF No. 9.  On March 12, 2015, HUD filed a Motion to Dismiss, to which Jarvis responded on March 26, 2015.  ECF Nos. 18 & 20.  HUD filed its Reply on April 13, 2015.  ECF No. 21.  On April 17, 2015, Jarvis filed a Motion for Leave to File a Sur-Reply.  ECF No. 22.

## DISCUSSION

### I.    Legal Standard

To overcome a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Id.*

In evaluating the sufficiency of the plaintiff's claims, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Complaints filed by *pro se* plaintiffs are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the complaint must contain more than "legal conclusions, elements of a

---

[2]   In addition to moving to dismiss Jarvis's Complaint pursuant to Rule 12(b)(6), HUD moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), contending that the Fair Housing Act does not provide a private cause of action against HUD for failure to investigate. The cases HUD cites in support of this proposition, with one exception, resolve the question of whether there is a private right of action under the FHA as a Rule 12(b)(6) motion, not as a question of subject-matter jurisdiction. *Compare, e.g., Marinoff v. U.S. Dept. of Hous. and Urban Dev.*, 892 F. Supp. 493, 494 (S.D.N.Y. 1995) (analyzing the issue under Rule 12(b)(6)), *aff'd* 78 F.3d 64 (2nd Cir. 1996) *with Logan v. U.S. Dept. of Hous. and Urban Dev.*, No. 6:09-744-HMH-WMC, 2010 U.S. Dist. LEXIS 57596, at *8-*10 (D.S.C. May 21, 2010). Because the majority of courts to have analyzed this issue have done so under Rule 12(b)(6), this Court concludes that it need not analyze the question of whether HUD is subject to suit under the Fair Housing Act as a threshold question, *see Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception." (internal citation and quotation marks omitted)), but can do so as part of its Rule 12(b)(6) analysis.

cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

In addition, because Jarvis's allegations against HUD sound in fraud, he is subject to the heightened pleading standards of Rule 9(b).  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Under this heightened pleading standard, Jarvis must allege "the time, place, and contents" of the fraudulent representation, the identity of the person who made the misrepresentation, and "what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999).

## II.    Claims Against HUD

Jarvis asserts that when he first contacted HUD, HUD determined that Burnt Mills received federal funding within the meaning of Title VI, but that HUD later reversed itself and claimed that Burnt Mills did not receive federal monies.  He labels this contradiction a "fraud," and argues that, based on this fraud, HUD improperly refused to investigate his Title VI complaint.  Although he references various statutes, Jarvis appears to focus his claim for fraud and a failure to investigate on violations of section 1983 and the FHA.

Jarvis's claims against HUD fail for multiple reasons.  First, a section 1983 claim may not be brought against a federal agency. Section 1983 allows individuals to sue in federal court any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]"  42 U.S.C. § 1983.  Because section 1983 applies only to persons acting under color of state law, it is inapplicable to federal agencies. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25

(1973) (holding that because section 1983 proscribes discriminatory conduct "accomplished under the color of the law of any State," it "does not reach ... actions of the Federal Government and its officers") (internal quotation marks omitted)). *See also FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that federal agencies may not be sued for constitutional claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)).[3]

Second, to the extent that Jarvis alleges a violation of the FHA, there is no cause of action under the FHA against HUD for failure to investigate a claim. *See Godwin v. Sec'y of Hous. and Urban Dev.*, 356 F.3d 310, 312 (D.C. Cir. 2004); *Marinoff v. U.S. Dept. of Hous. and Urban Dev.*, 78 F.3d 64, 64 (2d Cir. 1996) (affirming district court's holding that HUD could not be sued under the FHA for a failure to investigate a plaintiff's claims of discrimination).

Third, Jarvis has not alleged facts sufficient to support a plausible claim that HUD acted in a fraudulent manner. Rather than offer any facts to support the assertion that Burnt Mills had received Federal financial assistance within the meaning of Title VI, Jarvis offers only HUD's "intake determination," in which Burnt Mills is listed as receiving federal monies for "HUD Assisted Housing (202, 811, 221D4, Project Based Section 8)." Compl., Ex. 1 at 1.[4] But this document shows, at most, a preliminary, non-conclusive assessment of Burnt Mills' funding

---

[3] The other statutes referenced by Jarvis also do not provide a basis for a cause of action. *See, e.g., Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) (holding that because 42 U.S.C. § 1981 proscribes discriminatory conduct occurring "under color of State law," federal officials cannot be sued under that statute); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 191-92 (4th Cir. 1999) (holding that because 42 U.S.C. § 1985 applies only to "persons," the United States government cannot be sued under that statute).

[4] Although in his Complaint, Jarvis refers to the "intake determination" as Exhibit A and the January 2012 letter from HUD as Exhibit B, he attaches both of them to his Complaint as one document filed as Exhibit 1.

status.[5]   Significantly, Jarvis also submits with his Complaint a January 3, 2014 letter from HUD

which conclusively informed Jarvis that HUD could not pursue his complaint because it had

determined that Burnt Mills did not receive federal funding within the meaning of Title VI.

Compl., Ex. 1 at 2.   Thus, that letter directly contradicts Jarvis's allegation.   *See Massey v.*

*Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (noting that a court is not obligated to accept

allegations "that contradict matters properly subject to judicial notice or by exhibit") (internal

quotation marks and citation omitted)).   Under these circumstances, Jarvis fails to assert a

plausible claim against HUD for fraudulent failure to investigate.   The claims against HUD are

therefore dismissed.

**III.   Claims against Burnt Mills and Withrow**

    **A. Fair Housing Act Claim**

    The FHA prohibits discrimination in rental housing on the basis of race, color, religion,

sex, national origin, familial status, or disability.   42 U.S.C. § 3604(a).   The FHA also makes it

illegal to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment

of, or on account of his having exercised or enjoyed, or on account of his having aided or

encouraged any other person in the exercise or enjoyment of, any right granted or protected" by

the FHA.   42 U.S.C. § 3617.   To state a claim for retaliation under the FHA, a plaintiff must

establish that (1) he exercised a right granted or protected under the FHA, (2) the defendant was

---

[5]   This document is, in fact, an excerpt from Jarvis's own complaint to HUD, as evidenced by
the fact that it is Jarvis—not anyone at HUD—who signed it and thereby "declare[d] under
penalty of perjury" that the information it contains "is true and correct." Compl., Ex. 1 at 1. The
form bears additional indicia that it is not a binding determination. It asks for "[t]he most recent
date on which the *alleged* discrimination occurred," and the space to list statutes violated is
prefaced with, "[t]he acts *alleged* in this complaint, *if proven, may* constitute a violation of the
following." *Id.* (emphasis added).   The document thus makes repeatedly clear that the
information in it is composed of allegations made and sworn to by the person completing the
complaint—here, Jarvis—not determinations about the truth or merit of any of those allegations
by HUD.

aware of that activity, (3) the defendant took adverse action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse action. *See Hall v. Greystar Mgmt. Servs., L.P.*, 28 F. Supp. 3d 490, 495 (D. Md. 2014) (citing *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004), *rev'd on other grounds*, 468 Fed. Appx. 283 (4th Cir. 2012), which lists the elements of retaliation in a Title VII case).

 Jarvis has failed to state a claim for retaliation under the FHA because he has not alleged that the retaliation was a response to his exercise of a right protected by the FHA, specifically making a complaint that he was a victim of discrimination. The FHA protects individuals from discrimination by a landlord on the basis of race, color, religion, sex, national origin, familial status, or disability, and thus also protects individuals from being retaliated against by that landlord if they take actions to assert or protect the right not to be discriminated against on those bases. Jarvis, however, alleges that his lease was not renewed "in retaliation for submitting [a] Complaint about ... immigrant tenants" in the apartment complex, a complaint he submitted to Withrow, the manager of the complex, after those tenants allegedly had his car towed. Compl. at 3, 10. Jarvis's own allegations thus establish that he is not claiming retaliation in response to a complaint he made about being the victim of discrimination. Instead, his claim is based on a complaint he made about loud parties and the alleged towing of his car by "African and Hispanic immigrant tenants." *Id.* at 9. Submitting a complaint to one's landlord about the loud habits and possible retaliatory actions of fellow tenants is not an activity protected under the FHA. Other than his isolated and unconnected assertion that he is a "Black Native American," Jarvis makes no concrete allegation that anyone—the apartment complex or his fellow tenants— discriminated against him on the basis of any of the categories outlined in the FHA. Therefore, Jarvis fails plausibly to allege that he was retaliated against for exercising his right under the

FHA to be free from housing discrimination. Instead, the only discrimination discernible from Jarvis's Complaint is his own apparent disdain for "African and Hispanic immigrant tenants." Jarvis's claims of discrimination under the FHA are therefore dismissed.

### B. Title VI Claim

Jarvis also alleges that he was retaliated against by Burnt Mills and Withrow in violation of Title VI.  Title VI prohibits discrimination on the basis of "race, color, or national origin ... under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  As explained above, Jarvis's Complaint fails to establish that Burnt Mills receives federal financial assistance as defined in Title VI and therefore fails to establish that Burnt Mills is subject to suit under Title VI.  However, even if Burnt Mills were subject to suit under Title VI, Jarvis's claim still fails.  To state a claim for retaliation under Title VI, plaintiff must show that (1) he engaged in protected activity; (2) the defendant took a material, adverse action against the plaintiff, and (3) there is a causal connection between the protected activity and the adverse action. *Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003).  As discussed above, Jarvis has failed to allege facts sufficient to establish that he engaged in protected activity, such as complaining that he was victim of discrimination by his landlord on the basis of his race, color, or national origin, before the allegedly retaliatory action.  Jarvis's Title VI claim is therefore dismissed.

### IV.   Jarvis's Motion for Leave to File a Sur-Reply

In his Motion for Leave to File a Sur-Reply, Jarvis reiterates the claims he makes in his Complaint and in his Response to HUD's Motion to Dismiss, and again attaches the "intake determination" and the January 2013 letter from HUD for the Court's reference.  Because Jarvis merely rehashes arguments he has already made, his Motion for Leave to File a Sur-Reply is denied. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (explaining that, as a

general rule, sur-replies are not permitted, and should be allowed only when the "moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply").

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED, Plaintiff's Motion for Leave to File a Sur-Reply is DENIED, and the Complaint is DISMISSED.   A separate Order follows.

Date:  August 27, 2015

THEODORE D. CHUANG
United States District Judge